GRAY v. SEEBER.

(*Supreme Court, General Term, Fourth Department.* July 20, 1889.)

For opinion of MARTIN, J., see *ante*, 802.

HARDIN, P. J., (*concurring.*) According to the provisions of section 376 of the Code of Civil Procedure, "after the expiration of twenty years from the time when the party recovering it was first entitled to a mandate to enforce it," a judgment "is presumed to be paid and satisfied." By the use of the word "satisfied" it is apparent that after the lapse of 20 years the conclusive presumption mentioned in that section in effect discharges the record of the judgment. Section 378 expressly provides how the presumption referred to in section 376 may be availed of, to-wit, by "an allegation that the action was not commenced, or that the proceeding was not taken, within the time therein limited." By the use of the expression "time therein limited" it is inferable that the legislature intended by section 378 to limit the right of recovery to the period mentioned in section 376. Section 381 expressly limits the time to 20 years for an action upon a sealed instrument, and section 382 provides for limitations within 6 years for actions upon contract, obligation, or liability, expressed or implied. Words are inserted, excluding from the operation of that section "a judgment or sealed instrument," thus inferen-

tially assuming that provision had been made limiting the right of action in respect to judgments and sealed instruments. The limitation prescribed by section 376, being "specially prescribed" as to judgments in a court of record, section 388 is not applicable thereto. This construction seems to be favored by the comments of Mr. Throop, and, in referring to the mode of pleading, he says: "The allegation should be, as in other cases of limitation, that the action was not commenced within twenty years." He then adds: "To remove any possible doubt on the subject section 378 has been added." See note to section 376. In *Re Kendrick*, 107 N. Y. 107, 13 N. E. Rep. 762, it was assumed by the court of appeals that the time within which an action could be brought upon a judgment was 20 years. In the course of the opinion in that case RAPALLO, J., uses the following language: "More than twenty years had then elapsed after the recovery of the judgment, and the statutory presumption of payment had been attached. It is not claimed that any payment had been made, or acknowledgment of a continuing indebtedness given, before such presentation, and, the claim being then barred by the statute, no acknowledgment or new promise made by the administrator after it had become thus barred would, if made, have been available to revive the debt against the other creditors or the next of kin of the intestate." This language, as well as the further language of the opinion, indicates very clearly that the court of appeals assumed the limitation to be 20 years. These views, as well as those expressed in the opinion of Brother MARTIN, lead me to favor an affirmance of the judgment.